IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                       Civil No. 07-240 JB/RHS
                                                                       Crim. No. 03-569 JB

OMAR MOHAMMED,

    Defendant/Movant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.  THIS MATTER comes before the Court on consideration of Movant Omar Mohammed's Motion to Vacate, Set Aside, or Correct Sentence, and Authority in Support Thereof Brought Pursuant to Title 28, United States Code, Section 2255 ("§ 2255 motion"), filed March 12, 2007 **[Doc. No. 1]**.[1]  Movant Mohammed is incarcerated and proceeding *pro se*. Respondent United States filed an answer to Mr. Mohammed's § 2255 motion on August 13, 2007.  (See United States' Answer to Movant's Motion ("Answer") **[Doc. No. 10]**).  Respondent contends that Movant's § 2255 motion should be denied because, *inter alia*, it is time-barred pursuant to the one-year statute of limitations of the Antiterrorist and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).

    2.  Mr. Mohammed pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and the District Court entered judgment on his conviction on February 23, 2004.  See United States v. Mohammed, 1:03-cr-569 JB (D.N.M.), Judgment in a Criminal Case **[Cr. Doc. 190]**.  Mr. Mohammed was sentenced to 188 months of imprisonment, to be followed by a 3 year

---

[1]Mr. Mohammed indicates that he signed the motion on March 8, 2007.  (See § 2255 motion at 8).

term of supervised release. (See id. at 2, 3). The Court of Appeals for the Tenth Circuit affirmed Mr. Mohammed's conviction and sentence on October 17, 2006. See United States v. Mohammed, 150 Fed.Appx. 887 (10th Cir. Oct. 17, 2005) (not selected for publication). The Supreme Court of the United States ("Supreme Court") denied Mr. Mohammed's petition for writ of certiorari on February 21, 2006. See Mohammed v. United States, 546 U.S. 1206 (2006) (Mem.).

     3. In this case, the one-year limitations period commenced on "the date of which . . . judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." §2244(d)(1)(A). Thus, Mr. Mohammed's judgment of conviction became "final" on February 21, 2006, when the Supreme Court denied his petition for a writ of certiorari. See United States v. Willis, 202 F.3d 1279 (10th Cir. 2000). Assuming that Mr. Mohammed filed his § 2255 motion on March 8, 2007, it is untimely by approximately two weeks. Accordingly, Mr. Mohammed's claims should be dismissed as time-barred unless there is a basis for equitable tolling.

     4. The one-year statute of limitations under AEDPA may be equitably tolled, although only "when an inmate diligently pursues his claims *and* demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (emphasis added). Equitable tolling is appropriate "only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Moreover, Mr. Mohammed bears the burden of demonstrating that equitable tolling should apply. Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir. 1998).

     5. Mr. Mohammed contends that he is entitled to equitable tolling because he "was not made aware that the U.S. Supreme Court had denied his petition for certiorari until on or about

February 23, 2007, when a fellow inmate had a friend conduct a computer search to determine the status of the petition." (Declaration of Petitioner Omar Mohammed ("Declaration") at 2, filed Apr. 23, 2007 **[Doc. No. 3]**). Mr. Mohammed declared that his "counsel had not notified [him] of the Supreme Court's decision." (Id.). In a subsequent letter to the Court, however, Mr. Mohammed indicates that counsel did inform him of the Supreme Court's decision on or about March 21, 2006. (See Letter to Judge Scott **[Doc. No. 17]**). In any event, Mr. Mohammed's apparent argument that equitable tolling should apply based on counsel's negligent failure to inform him about the Supreme Court's decision is unavailing.

6. Nothing indicates that Mr. Mohammed's counsel intended to deceive or mislead him regarding the Supreme Court's decision.[2] Moreover, attorney negligence "will rarely qualify as an extraordinary circumstance meriting equitable tolling, because clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." Trujillo v. Tapia, 2010 WL 93125, at *2 (10th Cir. Jan. 12, 2010) (slip copy; not selected for publication) (citing Fleming v. Evans, 481 F.3d 1249, 1255-56 (10th Cir. 2007) (other citations and internal quotation marks omitted). Finally, counsel's mere failure to inform Mr. Mohammed of the date the Supreme Court denied his petition does not entitle Mr. Mohammed to equitable tolling. See, e.g., Broadus v. Hartley, 2009 WL 2861153, at *3 (10th Cir. Sept. 8, 2009) (unpublished).

7. Mr. Mohammed also appears to argue that his judgment of conviction did not become "final" for purposes of the AEDPA until the prison library received a copy of the Supreme

---

[2] Indeed, the letter from Mr. Howard Pincus, Assistant Federal Public Defender, notified Mr. Mohammed of the Supreme Court's decision and invited Mr. Mohammed to contact Mr. Pincus with any questions about seeking collateral review. (See Letter to Mr. Mohammed, attached to Letter to Judge Scott).

Court's denial of his petition for certiorari, which he claims would have been approximately two weeks after the Supreme Court issued its decision.  (See Declaration at 3).  Mr. Mohammed cites to Easterwood v. Champion, 213 F.3d 1321 (10th Cir. 2000) as supporting authority for this argument.  However, Easterwood stands for the narrower proposition that, pursuant to § 2244(d)(1)(D), where the *factual* predicate for an inmate's claim appears in case law that is unavailable to him, the limitations period is tolled until the relevant material is available to him through "due diligence."  Id. at 1323.  The principles of Easterwood do not apply to the circumstances of this case, where Mr. Mohammed's conviction became "final" under the criteria set forth in §2244(d)(1)(A).

      8. Finally, Mr. Mohammed apparently contends that he is entitled to equitable tolling because both the District Court and his counsel misinformed him regarding the potential sentencing consequences he faced following his conviction.  Mr. Mohammed alleges that he "only became aware of the fact that both counsel and the Court were incorrect on or about February 23, 2007."  (Declaration at 1 (emphasis in original)).  Whether or not Mr. Mohammed was misinformed about the relevant law, nothing indicates that either the District Court or his counsel intended to deceive, mislead or trick him regarding the law, the charges against him or the potential sentence he faced.  Moreover, Mr. Mohammed's ignorance of the law is not a "rare and exceptional" circumstance beyond his control entitling him to equitable tolling.  Marsh, 223 F.3d at 1220 ( "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation omitted)).

      9. Having reviewed the record and the parties' submittals, the Court finds that Mr. Mohammed neither demonstrates that he diligently pursued his federal habeas claims, nor that the failure to timely file his federal petition was caused by extraordinary circumstances beyond

his control.  Accordingly, Mr. Mohammed has not met his burden of showing that equitable tolling should be applied in this case.

## Recommendation

The Court recommends that Mr. Mohammed's § 2255 motion **[Doc. No. 1]** be DENIED and this civil proceeding be DISMISSED with prejudice on the basis that his § 2255 motion is time-barred under 28 U.S.C. § 2244(d).

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE